# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MARK ALAN HOCHLEUTNER,

        Plaintiff,

      v.                                  Case No. 12-C-125

DAVID CLARK, et al.,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This lawsuit is one of two "companion" cases Plaintiff Mark Alan Hochleutner filed during 2011 and 2012 over the same set of operative facts. Both this case and its predecessor, *Hochleutner v. Metz et al.*, Eastern District Case No. 11-cv-378, were assigned to this Court and allowed to proceed after initial screening. Plaintiff alleged in both lawsuits the same set of operative facts: that during 2006 and 2007, his parole agent, Tracy Metz, conspired with local law enforcement agents and a private citizen to deprive him of his civil rights by fabricating false charges to justify revoking his parole and returning him to prison. In the predecessor lawsuit, I dismissed the case after Plaintiff failed to comply with the sanctions imposed on him. That lawsuit is now on appeal.

The suit currently before this court was filed by Plaintiff in February 2012. It repeats the same allegations as in Case No. 11-cv-378, except that Plaintiff names as defendants those in the supervisory chain of command over his agent, Metz. He alleges that these defendants were engaged in the conspiracy and knew that Metz was fabricating the allegations used to pursue

revocation of his parole. As I noted in the context of the decisions in the predecessor case, an investigation conducted by the Jefferson County District Attorney into Plaintiff's allegations of this alleged "conspiracy" found them to be groundless. (*See* Case No. 11-cv-378, ECF No. 52 at 3–4.) Plaintiff had earlier requested that this court consolidate both suits, a request I denied as moot based upon the decision to award sanctions in the earlier case. (*See* Case No. 11-cv-378, ECF No. 58.) The case is before me now on Defendants' motion to dismiss, to which Plaintiff has failed to reply. (ECF No. 15.) For the reasons discussed herein, the motion will be granted.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations which are enough "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss under Rule 12(b)(6), a court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity and Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

A motion to dismiss can also be used to assert a defense of absolute immunity. *Dawson v. Newman*, 419 F.3d 656 (7th Cir. 2005). Indeed, "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v.*

*Bryant*, 502 U.S. 224, 227 (1991) (per curiam). These are the principles that govern the determination of Defendants' motion to dismiss.

As noted above, the defendants have been sued solely in their roles as staff members of the Wisconsin Department of Corrections' Division of Community Corrections who allegedly took actions or had notice of actions Metz was taking concerning revocation of Plaintiff's parole. Defendant Kehoss was a probation and parole agent during the time period relevant to this complaint. The other defendants were all acting in supervisory roles for the Division of Community Corrections. Plaintiff has sued the defendants alleging that they engaged in a conspiracy with his assigned agent, Tracy Metz, to revoke his parole on false pretenses and have him sent back to prison.[1]

Government officials are entitled to absolute immunity for activities that are "'closely associated with the judicial process.'" *Wilson v. Kelkhoff*, 86 F.3d 1438, 1443 (7th Cir. 1996) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). This includes judicial acts and functionally comparable acts in other contexts. *Id.* Acts with prosecutorial or judicial analogues are entitled to immunity. *Id.* at 1444. What is important is "'the nature of the function performed, not the identity of the actor who performed it.'" *Id.* at 1443 (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).

"[P]arole board members are absolutely immune from suit for their decision to grant, deny, or revoke parole." *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994). Activities that are "'inexorably connected with the execution of parole revocation procedures and are analogous to judicial action'" involve absolute immunity. *Id.* at 282. "'[N]ot only the actual decision to revoke

---

[1] Metz is not named in this lawsuit but was named as a defendant in the predecessor case.

parole, but also activities that are part and parcel of the decision process'" justify absolute immunity. *Wilson*, 86 F.3d at 1444 (quoting *Thompson v. Duke*, 882 F.2d 1180, 1184 (7th Cir. 1989)). Thus, a parole officer is entitled to absolute immunity for the discretionary decision to issue a parole hold and commence revocation proceedings based upon evidence provided by others, but he is not immune for his involvement in gathering evidence on his own. *See id.* at 1444–46; *Copus v. City of Edgerton*, 959 F. Supp. 1047, 1051 (W.D. Wis. 1997) (affirmed by 151 F.3d 646, 649–50 (7th Cir. 1998)). Defendants are accordingly entitled to dismissal on these grounds. All of the named defendants in this lawsuit are entitled to absolute immunity to the extent that they engaged in any decision-making at all concerning the revocation of Plaintiff's parole.

Defendants also posit an alternative ground for dismissal. Before liability will attach under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant's direct personal involvement in the claimed deprivation of constitutional rights. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Stringer v. Rowe*, 616 F.2d 993, 1000–1001 (7th Cir. 1980); *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971). "However, '[a]n official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.'" *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); (citing *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985) (internal citations omitted).

Here, Plaintiff has presented no such evidence to support his allegations in this suit. Instead, it appears Defendants are named solely because of their supervisory roles in the Division of Community Corrections chain of command. Unfortunately for Plaintiff, § 1983 does not recognize *respondeat superior* liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Department of Social Services*, 436 U.S. 658, 699 n.58 (1978). Section 1983 instead creates a

4

cause of action based upon personal liability and predicated upon fault. Although a supervisor can act through others to commit a wrong, *see Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982), liability presupposes that he "caused or participated in the alleged constitutional deprivation." *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982); *see also Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006). Here, Plaintiff has alleged no such thing and has presented no evidence to the contrary. Accordingly, on this ground as well, his complaint fails to state a claim upon which relief can be granted.

In sum, Defendants are immune from suit due to the doctrine of absolute immunity, or in the alternative, because *respondeat superior* liability is not available in cases alleging violation of an individual's constitutional rights. Defendants' motion to dismiss (ECF No. 15) is accordingly **GRANTED**. To the extent the motion is requesting a stay of discovery, that portion of the motion is denied as moot. The clerk is directed to enter judgment in favor of the Defendants and against Hochleutner.

**SO ORDERED** this ___30th___ day of July, 2012.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge

5